UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                                                   **PLAINTIFF**

v.                                                                         **CIVIL ACTION NO. 1:23-CV-P172-JHM**

**KELLY WHITTAKER et al.**                                                                           **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Versace Alan Scott, a pretrial detainee proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff sues Kelly Whittaker, a nurse at the Logan Memorial Hospital, in her individual capacity; Deputy Sheriff Seth Whittaker of the Logan County Sheriff Department in both his individual and official capacities; and the Logan County Sheriff Department. He alleges that on October 22, 2022, he was run over "by the Drug Task Force in Logan County KY where Seth Whittaker was involved in taking a vote to kill me." He states that he suffered a broken neck, hip, ankle, and toe. He further states that "Kelly Whittaker was informed of the matter and told her husband was involved and she failed to report it to the authorities. When I confronted her in text messages, phone calls, and messages on Facebook she knew about it told her husband[.]" Plaintiff alleges that he is suing Kelly Whittaker for "failing to report" which "left my life in danger where her husband was a cop and I was scared to report again fear of retaliation."

According to Plaintiff, Seth Whittaker "put false warrants on me where I was wrongful imprisonment for 4 months," resulting in Plaintiff being "fired from work and kicked out of rehab." He also alleges that he was later kidnapped again "by Drug Task Force and brought to jail and cut with knive 7 times to the bone. Then his brother is a cop named Luke Whittaker and he threating me with death from him also suein for threating my life and conspiracy to commit murder after the fact."

Plaintiff requests compensatory and punitive damages, release from jail, and restraining orders on Defendants.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Kelly Whittaker

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff does not allege that Kelly Whittaker was a state actor. He identifies her only as a nurse at a hospital. Nor does he allege that her failure "to report" violated the Constitution or a federal law. As such, he fails to state a § 1983 claim against her.

### B. Individual-capacity claims against Seth Whittaker

Plaintiff alleges that Seth Whittaker "went to county attorney and put false warrants on me where I was wrongful imprisonment for 4 months." He states that he is suing for wrongful imprisonment and lost wages because he "got me fired from work and kicked out of rehab." He also alleges that the Drug Task Force later "kidnapped" him again and brought him "to jail and cut with knive 7 times to the bone. Then his brother is a cop named Luke Whittaker and he threating me with death from him also suein for threating my life and conspiracy to commit murder after the fact."

3

*1. Conspiracy*

Plaintiff alleges that Seth Whittaker's brother Luke, who is not a Defendant, is "a cop . . . and he threating me with death from him also suein for threating my life and conspiracy to commit murder after the fact." To the extent that Plaintiff is alleging that Seth, not Luke, conspired to commit "murder after the fact," Plaintiff's claim fails.[1]

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged co-conspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity; vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Here, Plaintiff's allegation of conspiracy is wholly conclusory. Plaintiff fails to support his conclusory claim with facts to indicate any conspiracy existed. Instead, he merely asserts a bare allegation of conspiracy. Plaintiff, thus, fails to state a conspiracy claim upon which relief may be granted. *See Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012) ("[C]onspiracy claims must be pled

---

[1] The Court notes that Plaintiff already has a suit against Seth Whittaker which has gone forward after initial review on Plaintiff's claim that he was run over by Antonio Browder after Browder, Seth Whittaker, and three other Logan County Sheriff Department employees took a vote to kill him. *Scott v. Browder*, No. 1:23-CV-P131-JHM, 2024 WL 1609432, at *2 (W.D. Ky. Apr. 12, 2024).

4

with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.") (internal quotation marks omitted).

*2. Malicious prosecution*

The Court construes Plaintiff's allegation that Seth Whittaker "went to county attorney and put false warrants on me where I was wrongful imprisonment for 4 months" as a malicious-prosecution claim. *See Goldman v. Consumers Credit Union*, No. 17-1700, 2018 WL 3089811, at *4 (6th Cir. Feb. 14, 2018) ("[W]e construe Goldman's challenge to the charging documents and to Baker's role in bringing the charges as asserting a claim of malicious prosecution."). Plaintiff's malicious-prosecution claim has not accrued and will not accrue unless or until the charges against him are terminated in his favor. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Heck v. Humphrey*, 512 U.S. 477, 484, 489-90 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); *Rainey v. Kentucky*, No. 3:19-CV-P835-DJH, 2021 WL 136415, at *2 (W.D. Ky. Jan. 13, 2021) ("A malicious-prosecution claim accrues when the criminal proceedings are terminated in the criminal-defendant's favor.") (citing *King v. Harwood*, 852 F.3d 568, 578–79 (6th Cir. 2017)); *McKenzie v. Day*, No. 3:19-CV-287, 2019 WL 4228369, at *2 (E.D. Tenn. Sept. 4, 2019) ("A claim under § 1983 for malicious prosecution accrues when the underlying criminal proceeding is terminated in Plaintiff's favor.") (citing *McCune v. Cnty. of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988)). Therefore, the Court will dismiss the malicious-prosecution claim without prejudice to Plaintiff bringing a civil action when the charges against him have been terminated in his favor. *See Weron v. Cherry*, No. 1:08-CV-201, 2008 WL 4614335, at *4 (E.D. Tenn. Oct. 14, 2008) ("[T]he claim for malicious prosecution will be dismissed without prejudice because it is not ripe for review and Weron is precluded from pursuing this claim at this time.") (emphasis deleted).

### *C. Claims against Logan County Sheriff Department and Seth Whittaker in his official capacity*

The Logan County Sheriff Department is not a "person[]" subject to suit under § 1983 because municipal departments are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Logan County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against the Logan County Sheriff Department as claims brought against Logan County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

Similarly, the claims against Seth Whittaker in his official capacity must be construed as brought against Logan County. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). When a § 1983 claim is made against a municipality such as Logan County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Here, Plaintiff does not allege the existence of a Logan County policy or custom. As such, he fails to state a claim for which relief may be granted against Logan County or Seth Whittaker in his official capacity.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: April 26, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009